IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES P. PRIDE**                                                       **PLAINTIFF**

v.                                                      Civil No. 1:11CV22HSO-JMR

**FEMA, Federal Emergency Management
Agency, MALE AND FEMALE JOHN DOES,
FEMA Trailer Managers and
OTHER UNKNOWN DEFENDANTS**                      **DEFENDANTS**

**ORDER DENYING WITHOUT PREJUDICE MOTION TO DISMISS, DENYING
AS MOOT MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO
IMMUNITY PLEADING, AND GRANTING IN PART AND DENYING IN PART
MOTION FOR ADDITION TO THE COMPLAINT, WITH JURISDICTION, OF
EXHIBIT #1 SECOND DEFENDANT POLICE ACTION,
AND ADDITIONAL DISCOVERY**

BEFORE THE COURT is the Motion to Dismiss for Lack of Subject Matter Jurisdiction [9], of Defendant Federal Emergency Management Agency ("FEMA"), filed on September 14, 2011, in the above captioned cause. Also before the Court is Plaintiff's Motion for Discovery, and Immunity Response Time Extension [12], filed on September 26, 2011, and Plaintiff's Motion for Addition to the Complaint, With Jurisdiction, of Exhibit #1 Second Defendant Police Action, and Additional Discovery [15], filed on October 24, 2011. After consideration of the submissions of the parties, the record in this case, and the relevant law, the Court finds that Plaintiff's Motion for Addition to the Complaint, With Jurisdiction, of Exhibit #1 Second Defendant Police Action, and Additional Discovery [15], should be granted in part and denied in part without prejudice, that FEMA's Motion to Dismiss [9] should be denied without prejudice, and that Plaintiff's Motion for Discovery, and Immunity Response Time Extension [12] should be denied as moot.

I. BACKGROUND

On January 18, 2011, Plaintiff, proceeding *pro se*, filed his Complaint pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, against FEMA, Male and Female John Does, and Other Unknown Defendants, for violations of his constitutional rights when FEMA allegedly seized his FEMA-leased trailer. The Complaint also appears to raise claims under state law. On September 14, 2011, FEMA filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction [9], seeking to dismiss Plaintiff's claims based upon the doctrine of sovereign immunity and, to the extent Plaintiff asserts state law claims, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.

A Case Management Conference was held on September 15, 2011, wherein the Court determined that the case should be stayed pursuant to L.U.CIV.R. 16(b), pending resolution of FEMA's Motion [9]. On September 26, 2011, Plaintiff filed his Motion for Discovery, and Immunity Response Time Extension [12], requesting discovery of the John Doe Defendants and averring that "[s]overeign immunity can not [sic] be determined or answered by the Plaintiff, until disclosure of the John Doe actors . . . ." Plaintiff also sought an extension of time to respond to FEMA's Motion [9]. On October 24, 2011, Plaintiff filed his Motion for Addition to the Complaint, with Jurisdiction, of Exhibit #1 Second Defendant Police Action, and Additional Discovery [15]. The Court construes this Motion [15] as one to amend the Complaint, as it seeks "to consolidate the continuing FEMA Billing collection police action as an additional congruent complaint issue." Mem. in Supp. of Mot. at p. 1 [16]. It also requests discovery.

## II. DISCUSSION

With respect to amendments to pleadings, Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "A district court must possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)(citing *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). Rule 15(a) "evinces a bias in favor of granting leave to amend." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003).

> The liberal amendment policy underlying Rule 15(a) affords the court broad discretion in granting leave to amend and, consequently, a motion for leave to amend should not be denied unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment, . . ."
>
> . . . .
>
> Additionally, leave to amend properly may be denied when the party seeking leave has repeatedly failed to cure deficiencies by amendments previously allowed and when amendment would be futile.

*Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 386-87 (5th Cir. 2003) (internal citations omitted).

While leave to amend is not automatic, *Goldstein,* 340 F.3d at 254, the Court is of the opinion that it is appropriate here. In this case, the Motion seeking amendment is the first such motion filed by Plaintiff. There is no evidence or argument of bad faith or undue delay on behalf of Plaintiff, and FEMA would not be prejudiced by an amendment at this stage of the proceedings. While FEMA argues the futility of the amendment, the Court is of the opinion that, based upon the

pleadings before it and Plaintiff's *pro se* status, it is in the interest of justice for the Court to exercise its broad discretion under Rule 15 and permit Plaintiff to amend his Complaint. Upon proper motion, FEMA may then reassert any basis for dismissal which it deems appropriate. Plaintiff's Motion [15] will therefore be granted to the extent it seeks an amendment to the Complaint. Plaintiff must file any Amended Complaint by December 9, 2011. The Court will deny the Motion [15] without prejudice to the extent it seeks discovery.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, Plaintiff's Motion for Addition to the Complaint, With Jurisdiction, of Exhibit #1 Second Defendant Police Action, and Additional Discovery [15], filed on October 24, 2011, is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**. The Motion is granted to the extent it seeks to amend the Complaint, and denied without prejudice in all other respects. **Plaintiff must file any Amended Complaint by December 9, 2011.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion to Dismiss for Lack of Subject Matter Jurisdiction [9], of Defendant Federal Emergency Management Agency ("FEMA"), filed on September 14, 2011, is **DENIED WITHOUT PREJUDICE**, with leave to reassert.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's Motion for Discovery, and Immunity Response Time Extension [12], is **DENIED AS MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Clerk of Court is directed to mail a copy of this Order to Plaintiff at his last known address, certified mail, return receipt requested.

**SO ORDERED AND ADJUDGED**, this the 17th day of November, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE