IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES P. PRIDE**                                                          **PLAINTIFF**

v.                                                         Civil No. 1:11CV22-HSO-JMR

**FEMA, Federal Emergency Mgmt.**                              **DEFENDANTS**
**Agency; MALE AND FEMALE JOHN**
**DOES, FEMA Trailer Managers;**
**UNKNOWN DEFENDANTS; PHILLIP**
**STROUSE and SUE ANN LONDON**
**FEMA TRAILER MANAGERS, in their**
**official and individual capacities;**
**BILOXI CITY CODE ENFORCEMENT,**
**and TIM ANDREWS, Officer**

### MEMORANDUM OPINION AND ORDER GRANTING
### IN PART AND DENYING IN PART FEMA'S MOTION TO DISMISS

BEFORE THE COURT is the Motion to Dismiss [26] of Defendant, Federal Emergency Management Agency ("FEMA"). Plaintiff, Charles P. Pride, has not responded to the Motion. After consideration of the Motion, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that FEMA'S Motion to Dismiss [26] should be granted in part and denied in part. Except for his Fifth Amendment "takings" claim, Plaintiff's claims against FEMA are precluded by the doctrine of sovereign immunity. His state law tort claims against FEMA are also barred because he did not submit an administrative claim with FEMA prior to filing suit.

### I. BACKGROUND

Plaintiff, proceeding *pro se*, has filed a Complaint [1] and Amended Complaint [23] against FEMA, the City of Biloxi, Mississippi, and various individuals, alleging

violations of the First, Fourth, Fifth, and Fourteenth Amendments, and state law tort claims. Pl.'s Am. Compl. [23] at p. 1. Plaintiff claims that in 2009, Defendants wrongfully seized a FEMA trailer on his property without his consent. *Id.* at p. 2. He alleges that Defendants also denied him disaster housing assistance. *Id.* He complains of wrongful "police action" and a retaliatory bill collection. *Id.* at pp. 2-3. FEMA has filed a Motion to Dismiss for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1). FEMA's Mot. to Dismiss [26] at pp. 1-2.

## II. DISCUSSION

A.  Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). The burden on a Rule 12(b)(1) motion is on the party asserting jurisdiction. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). "A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Davis v. United States,* 597 F.3d 646, 649 (5th Cir. 2009)(internal citations omitted). "[U]nder Rule 12(b)(1), the court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir. 2008)(internal citations omitted).

B.   Plaintiff's Federal Claims

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer,* 510 U.S. 471, 475 (1994); *Duffie v. United States,* 600 F.3d 362, 384 (5th Cir. 2010).  Federal courts are without subject matter jurisdiction to hear suits against the United States unless there has been a waiver of sovereign immunity.  *United States v. Sherwood,* 312 U.S. 584, 591 (1941).

Plaintiff asserts claims against FEMA, an agency of the United States, pursuant to the civil rights statutes, 42 U.S.C. §§ 1983 and 1985, for alleged violations of the First, Fourth, Fifth, and Fourteenth Amendments.  Pl.'s Am. Compl. [23] at p. 1.  The United States has not waived sovereign immunity with regard to alleged civil rights violations and most constitutional violations.  *Correctional Servs. Corp. v. Malesko,* 534 U.S. 61, 72 (2001); *Partain v. Isgur,* No. 09-41129, 390 Fed. App'x 326, 329 (5th Cir. 2010)("the United States has not, in the FTCA or elsewhere, waived sovereign immunity with regard to alleged civil rights or constitutional violations . . . ."); *Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir. 1999).

Through the Tucker Act, 28 U.S.C. § 1346(a)(2), the United States has waived sovereign immunity for certain civil actions for money damages "founded either upon the Constitution or any Act of Congress."  28 U.S.C. § 1346(a)(2); *see Persyn v. United States,* 935 F.2d 69, 72 (5th Cir. 1991).  The district court and Court of Federal Claims have concurrent jurisdiction to resolve Tucker Act claims not exceeding $10,000.00.  28 U.S.C. § 1346(a)(2); *see Persyn,* 935 F.2d at 72.  The Court of Federal

Claims has exclusive jurisdiction of Tucker Act claims exceeding $10,000.00.  28 U.S.C. § 1346(a)(2); *see Persyn,* 935 F.2d at 72.  "[C]ourts have uniformly held that jurisdiction under the 'founded upon the constitution' grant of the Tucker Act is limited to claims under the 'takings clause' of the Fifth Amendment."  *Rothe Dev. Corp. v. U.S. Dept. of Defense,* 194 F.3d 622, 625-26 n.6 (5th Cir. 1999)(internal citations omitted).

Based on the foregoing authority, Plaintiff's Fifth Amendment "takings" claim against FEMA is not barred by sovereign immunity.  His remaining federal claims against FEMA are, however, precluded by sovereign immunity.  It is not clear from the face of Plaintiff's Complaint whether he is seeking less than $10,000.00 in damages against FEMA for his Fifth Amendment "takings" claim.  At this juncture, the Court will not dismiss this claim.  Plaintiff's remaining federal claims against FEMA will be dismissed.

C.   Plaintiff's State Law Claims

The Court liberally construes Plaintiff's Amended Complaint to also assert claims against FEMA under Mississippi law for malicious prosecution, abuse of process, misrepresentation, and interference with contract.  Pl.'s Am. Compl. [23] at pp. 1-4.  Through the Federal Tort Claims Act, 28 U.S.C. § 1346, *et seq.* ("FTCA"), the United States has "generally waived its sovereign immunity from tort liability for the negligent or wrongful acts or omissions of its agents who act within the scope of their employment."  *Truman v. United States,* 26 F.3d 592, 594 (5th Cir. 1994).  There are a number of statutory exceptions to this waiver.  The "intentional tort" exception

provides that the United States does not consent to suit for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).  Because the United States has not consented to be sued for malicious prosecution, abuse of process, or interference with contract claims, Plaintiff's state law tort claims against FEMA must be dismissed.

Plaintiff's state law tort claims against FEMA are also barred because Plaintiff did not submit an administrative claim with FEMA prior to filing suit.  Decl. of Joshua B. Stanton [26-1], Ex. 1 to Def.'s Mot. to Dismiss [26].  28 U.S.C. § 2675 states that an action "for money damages for injury or loss of property or personal injury . . ." cannot be filed against the United States unless the plaintiff has "first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).  Plaintiff has not submitted any proof that he complied with this statutory requirement.  Plaintiff's state law tort claims against FEMA must be dismissed for this reason as well.

### III.  CONCLUSION

For the foregoing reasons, FEMA's Motion to Dismiss [26] pursuant to Fed. R. Civ. P. 12(b)(1) should be granted in part and denied in part.  Apart from Plaintiff's Fifth Amendment "takings" claim, the Court does not have subject matter jurisdiction over Plaintiff's claims against FEMA.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, FEMA's Motion

to Dismiss [26] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, all of Plaintiff's claims against FEMA, with the exception of his Fifth Amendment "takings" claim, are dismissed with prejudice.

**SO ORDERED AND ADJUDGED**, this the 13th day of September, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE