IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES P. PRIDE | PLAINTIFF |
| v. | Civil No. 1:11CV22-HSO-JMR |
| FEMA, Federal Emergency Management Agency; MALE AND FEMALE JOHN DOES who may also be known as PHILLIP STROUSE and SUE ANN LONDON, FEMA TRAILER MANAGERS in their official and individual capacities; BILOXI DIRECTOR OF COMMUNITY DEVELOPMENT JERRY CREEL in his official and individual capacity; BILOXI CITY CODE ENFORCEMENT OFFICER MIKE ANDREWS in his official and individual capacity, AS PREVIOUSLY UNKNOWN DEFENDANTS. OTHER UNKNOWN DEFENDANTS | DEFENDANTS |

**ORDER DENYING PLAINTIFF'S MOTION [178] FOR RECONSIDERATION**

BEFORE THE COURT is *pro se* Plaintiff Charles P. Pride's Motion [178] entitled "Plaintiff's Motion to Reconsider Memorandum Opinion and Order and Defendant Summary Judgement [sic]," filed on December 2, 2013.

On October 30, 2013, the Court granted the Motion [95] for Summary Judgment filed by Defendants Jerry Creel and Mike Andrews and dismissed Pride's claims against these Defendants with prejudice.  On November 15, 2013, after providing notice to Pride, the Court dismissed Defendants Phillip Strouse and Sue Ann London because Pride had not served either Defendant in nearly two years or shown good cause for his failure to do so.  Order [171].  On November 15, 2013, the Court granted the Third Motion to Dismiss, filed by Defendant the Federal

Emergency Management Agency ("FEMA") and dismissed Pride's claims against FEMA with prejudice. Order [172]. The Court also dismissed with prejudice FEMA's counterclaim against Pride. *Id.* On November 15, 2013, a Final Judgment [174] was entered. Because Pride failed to attend a settlement conference despite receiving due notice, a total judgment in the amount of $660.99 for Defendants' resulting fees and costs was rendered against Pride. Final J. [174].

In his Motion [178] for Reconsideration, Pride asks the Court to reconsider its rulings dismissing his claims against Defendants Creel, Andrews, and FEMA. Because Pride's Motion for Reconsideration was filed within "28 days after the entry of the judgment," the Court construes the Motion as one to "alter or amend a judgment" pursuant to Federal Rule of Civil Procedure 59(e). "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.,* 702 F.3d 177, 182 (5th Cir. 2012).

Pride has presented no intervening change in controlling law or newly discovered evidence which might warrant reconsideration of the Final Judgment. Pride instead restates numerous arguments that the Court has previously considered, addresses issues now that he failed to respond to during briefing, or attempts to advance claims that he did not plead, despite being granted leave to amend his Complaint on three different occasions. Rule 59(e) is not "intended to give an unhappy litigant one additional chance to sway the judge." *Cleland v.*

*Academy Sports and Outdoors,* No. 2:13cv9-KS-MTP, 2013 WL 5771256, *2 (S.D. Miss. Oct. 24, 2013)(internal citations omitted).  The Court finds no basis for altering or amending the Final Judgment as requested by Pride.  His Motion [178] for Reconsideration should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Charles P. Pride's Motion [178] entitled "Plaintiff's Motion to Reconsider Memorandum Opinion and Order and Defendant Summary Judgement [sic]" is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 5th day of December, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE